UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EDWARD C. RIHA, JR. and LAURA S. RIHA, and all others similarly situated, Plaintiffs, | ) ) ) ) | |
| vs. | ) ) | 1:06-cv-234-RLY-TAB |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant. | ) ) ) ) | |

**ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT and REQUEST FOR ORAL ARGUMENT**

Plaintiffs Edward and Laura Riha bring the following claims against Defendant State Farm Automobile Insurance Company[1] ("State Farm") for alleged violations of: (1) Indiana's salvage titling law; (2) Indiana's Crime Victims Compensation Statute predicated on theft; (3) Indiana's Racketeer Influence and Corrupt Organization Act ("Indiana RICO Act"); (4) Indiana's Crime Victims Compensation Statute predicated on "deception;" and (5) a 1998 Consent Judgment between certain of the Defendants and the State of Indiana.

Plaintiffs' claims all relate to a 1994 Honda Accord (the "Vehicle") that they purchased on September 27, 2000, for $13,102.95. Plaintiffs allege that before they

---

[1] State Farm's motion for summary judgment was initially filed jointly on behalf of State Farm and two of its affiliates – State Farm Fire and Casualty Company and State Farm General Insurance Company. Since then, Plaintiffs have stipulated to the dismissal of these two defendants. (*See* Docket # 30).

purchased the Vehicle, it was "totaled" as a result of an accident that occurred in Wisconsin on September 28, 1999. Plaintiffs allege that State Farm was required to, but did not, secure a salvage title for the Vehicle. Plaintiffs further allege that because State Farm failed to secure a salvage title for the Vehicle, Plaintiffs purchased the Vehicle ignorant of its accident history. When they became aware of its history, they were informed that they could not lawfully operate the Vehicle because it had not been subjected to legally required inspections and documentation review, and had not been retitled as a rebuilt Vehicle.

State Farm moves for summary judgment on all counts of Plaintiffs' Amended Complaint and requests oral argument. For the reasons set forth below, the court **GRANTS** State Farm's Motion for Summary Judgment and **DENIES** State's Farm's Request for Oral Argument.

## I.   Request for Oral Argument

### A.   Request for Oral Argument

At the outset, the court will address State Farm's Request for Oral Argument. Pursuant to Local Rule 7.5(a), the granting of a motion for oral argument "is wholly discretionary with the Court." L.R. 7.5(a). The issues in this case were not so novel and/or complex to warrant oral argument. The parties' briefs gave the court adequate guidance in deciding Defendant's Motion for Summary Judgment. Therefore, the court **DENIES** Defendant's Request for Oral Argument. The court now turns to the merits of Defendant's motion.

**II.     Defendant's Motion for Summary Judgment**

    **A.     Factual Background**

1. As of September 28, 1999, the Vehicle was titled in the state of Wisconsin and was owned by two individuals then residing in Middleton, Wisconsin (the "Wisconsin Owners"). (Defendant's Ex. A at 4).

2. As of September 28, 1999, the Vehicle was insured under a State Farm automobile insurance policy issued in the name of the Wisconsin Owners. (*See* Defendant's Ex. B at ¶ 7).

3. On September 28, 1999, the Wisconsin Owners reported to State Farm that the Vehicle had been damaged in an accident that occurred on that date in Middleton, Wisconsin. (Defendant's Ex. B at ¶ 8).

4. After the accident on September 28, 1999, the Wisconsin Owners transferred title of the Vehicle to State Farm, and State Farm applied for a new title to the Vehicle. (*See* Defendant's Ex. A at 3-4). When applying for that title, State Farm checked the box on the Wisconsin title application form for an "Insurance Claim Paid" brand. (Defendant's Ex. A at 3). The Wisconsin title application form provides that this brand should be used if the Vehicle is "less than 7 years old and was transferred to an insurer upon payment of a claim for damages of 30% through 70% of its fair market value." (*Id.*).

5. On October 8, 1999, the Vehicle was sent to the Wisconsin Auto Auction, located in Sussex, Wisconsin, for eventual sale at auction. (*See* Defendant's Ex. B at ¶

11). State Farm identified the Vehicle to the Wisconsin Auto Auction as an "Insurance Claim Paid" vehicle. (*Id.*).

6. On October 21, 1999, the state of Wisconsin issued title for the Vehicle that State Farm had applied for, which title bore the brand "THIS VEHICLE TRANSFERRED TO INSURER UPON PAYMENT OF A CLAIM." (*See* Defendant's Ex. A at 5 and Ex. B at ¶ 10).

7. On October 25, 1999, the Vehicle was sold at the Wisconsin Auto Auction for $2,800.00 by an entity located in Bridgeview, Illinois. (*See* Defendant's Ex. B at ¶ 12; Plaintiffs' Ex. 1 at SF00009, 11-12).

8. On November 7, 1999, an Illinois title for the Vehicle was then issued in the name of the purchaser from Bridgeview, Illinois. (*See* Defendant's Ex. C at 9-10). The prior Wisconsin title for the Vehicle was surrendered to the state of Illinois. (*See* Defendant's Ex. A at 1-2).

9. Thereafter, title to the Vehicle was assigned to the following entities on the dates indicated:

   (i) to a fleet services company located in Elmonte, California, on February 1, 2000;

   (ii) to an auto auction company located in Bolingbrook, Illinois, on August 21, 2000;

   (iii) to an automobile dealer (no location provided) on August 22, 2000; and

   (iv) to an automobile dealer located in Indianapolis, Indiana, on September 5,

    2000.

(*See* Defendant's Ex. C at 9-10).

10. On September 27, 2000, Plaintiffs purchased the Vehicle from Ed Martin Honda automobile dealership in Indianapolis, Indiana, for a price of $13,102.95. The title to the Vehicle did not show any salvage brand. (Plaintiffs' Ex. 2).

11. On July 29, 1998, State Farm entered into a "Consent Judgment" with the Indiana Attorney General that was filed in the Marion County Superior Court under Cause No. 49D07-9807-CP-001043. (Amended Complaint at Ex. B).

12. The Consent Judgment "appl[ies] to all 'salvage' motor vehicles . . . manufactured within the last seven (7) model years, including the current model year, which require a salvage certificate pursuant to Ind. Code § 9-22-3-3." (*Id.*).

13. Paragraph 3 of the Consent Judgment provides, in pertinent part:

> 3. (a) State Farm agrees to offer to purchase from current vehicle owners, all "salvage" motor vehicles for which State Farm failed to obtain salvage title as required by Indiana law between July 1, 1991 and the present date. State Farm agrees to reimburse the current owners of these vehicles in an amount equal to the purchase price paid by the owner and related expenses, including sales tax, finance charges and any other costs of credit or charges incurred as a consequence of the vehicle purchase. . .
>
>   (b) In the event that any current vehicle owner does not wish to sell his/her vehicle to State Farm, State Farm shall pay him/her a sum of Two Thousand Five Hundred Dollars ($2,500.00). Additionally, State Farm shall provide the owner with written notification that the owner's name and vehicle information will be forwarded to the Indiana Bureau of Motor Vehicles and the Bureau will issue a "Rebuilt" title in the owner's name.

14. On September 14, 2005, Plaintiffs received a letter from State Farm stating that prior to the time Plaintiffs purchased the Vehicle, State Farm had designated the Vehicle as a "total loss" in connection with "an insurance claim settlement." (Amended Complaint at ¶ 15 and Ex. B thereto).

15. The September 14, 2005 letter also informed Plaintiffs that they were entitled to $1,200.00. (Amended Complaint at Ex. B).

   **B.   Summary Judgment Standard**

Summary judgment is proper only if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of informing the court of the basis for its motion and demonstrating the "absence of evidence on an essential element of the non-moving party's case," *Celotex Corp.*, 477 U.S. at 323, 325. To withstand a motion for summary judgment, the nonmoving party may not simply rest on the pleadings, but rather must "make a showing sufficient to establish the existence of [the] elements] essential to that party's case, and on which that party will bear the burden of proof at trial...." *Id.* at 322. If the non-moving party fails to make this showing, then the moving party is entitled to judgment as a matter of law. *Id.* at 323.

In determining whether a genuine issue of material fact exists, the court must view the record and all reasonable inferences in the light most favorable to the non-moving party. *See National Soffit & Escutcheons, Inc. v. Superior Sys., Inc.*, 98 F.3d 262, 264

(7th Cir. 1996). No genuine issue exists if the record viewed as a whole could not lead a rational trier of fact to find for the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Ritchie v. Glidden Co.*, 242 F.3d 713, 720 (7th Cir. 2001).

### C. Discussion

#### 1. Indiana's Salvage Title Laws

In Count I of the Amended Complaint, Plaintiffs allege that State Farm failed to obtain a salvage title for the Vehicle "as required by law" after the Wisconsin Accident, and that this "caused the [Vehicle] to be registered in Indiana without having met" the requirements of Indiana Code Sections 9-22-3-3 and 9-22-3-15 of Indiana's salvage titling laws.

Indiana Code Section 9-22-3-3 provides that a salvage title is required for a vehicle in Indiana when an insurer "has determined that it is economically impractical to repair the wrecked or damaged motor vehicle . . . and has made an agreed settlement with the insured or claimant" who owns the vehicle. *See* Ind. Code § 9-22-3-3(a)(1). Indiana Code § 9-22-3-15 sets out the requirements for obtaining a "rebuilt" Indiana title for a vehicle that previously was titled as a salvage vehicle and which subsequently has been repaired. *See* Ind. Code § 9-22-3-15. Indiana's vehicle titling laws expressly apply only to vehicles that are owned by Indiana residents and are to be operated within the state of Indiana. *See* Ind. Code § 9-17-2-1(a) ("Within sixty (60) days of becoming an Indiana resident, a person must obtain a certificate of title for all vehicles owned by that person

that . . . will be operated in Indiana.").

Here, State Farm did not acquire the Vehicle in Indiana, and the Vehicle was not intended to be operated in Indiana when State Farm owned or disposed of it. Thus, State Farm owed no obligation under Indiana law to secure an Indiana title for the Vehicle, whether salvage, rebuilt, or otherwise.

In Plaintiffs' Response, Plaintiffs invoke Indiana Code Section 9-22-3-17(a). That section reads:

> [W]henever a certificate of title is issued for a motor vehicle that was previously titled in another state or jurisdiction and the certificate of title from the other state or jurisdiction contains a "REBUILT," "RECONSTRUCTED," RECONDITIONED," "DISTRESSED VEHICLE," or similar designation, a new and subsequent certificate of title must conspicuously bear the designation "REBUILT VEHICLE."

Ind. Code § 9-22-3-17.

Plaintiffs' new claim under Indiana Code Section 9-22-3-17 fails for two reasons. First, Plaintiffs did not allege a violation of this section in their Amended Complaint. (*See* Amended Complaint ¶ 31). Second, even if they had, that section directs how Indiana State employees responsible for issuing vehicle titles are to conduct the State's business. It is not intended to govern the acts of private vehicle owners in other states.

For these reasons, the court **GRANTS** Defendant's Motion for Summary Judgment on Count I of Plaintiffs' Amended Complaint.

### 2. Indiana Crime Victims Compensation Statute

In Counts II and IV of the Amended Complaint, Plaintiffs assert that State Farm is

liable for damages under Indiana Code Section 34-24-3-1, the Indiana Crime Victims Compensation Statute (the "Compensation Act"). The Compensation Act allows recovery if a person can prove that he or she suffered a pecuniary loss as a result of a violation of certain, specific provisions of Indiana's Criminal Code. In Count II, Plaintiffs allege State Farm violated Indiana Code Sections 35-43-4-1 and -2, theft. In Count IV, Plaintiffs allege State Farm violated Indiana Code Section 35-43-5-3(a)(2), deception.

### a.     Indiana's Statutes Cannot Be Applied to Conduct Outside Indiana's Borders

Plaintiffs' claims in both Count II and Count IV are barred outright for the initial reason that they are based on State Farm's supposedly wrongful conduct in connection with its titling and sale of the Vehicle in Wisconsin. Because the acts of which Plaintiffs complain occurred entirely outside of Indiana, neither the Compensation Act nor the Indiana statutes Plaintiffs invoke as the predicate offenses in support of their claims under the Compensation Act can properly be applied to State Farm. *See, e.g., Koger v. State*, 513 N.E.2d 1250, 1257 (Ind.Ct.App. 1987) (burglary in Ohio could not serve as a predicate act of racketeering under Indiana's RICO statute; Indiana's criminal statute "prohibits burglaries committed in Indiana; it does not prohibit burglaries outside our state's boundaries").

### b.     Plaintiffs Cannot Demonstrate A Wrongful Exercise of Control Over Their Property or Deception

Moreover, Plaintiffs' claims in Counts II and IV fail on the merits.

### 1. There Is No Evidence that State Farm Committed Theft

As noted above, Plaintiffs contend they are entitled to relief under the Compensation Act for State Farm's alleged violation of Indiana Code Sections 35-43-4-1 and 35-43-4-2. Section 35-43-4-2(a) prohibits persons from "knowingly or intentionally exert[ing] unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use." *See* Ind. Code § 35-43-4-2(a). Section 35-43-4-1 defines exertion of control as "to obtain, take, carry, drive, lead away, conceal, abandon, sell, convey, encumber, or possess property, or to secure, transfer, or extend a right to property," and further specifies that such control is "unauthorized" if it is exerted "by creating or confirming a false impression in the other person." *See* Ind. Code §§ 35-43-4-1(a), 35-43-4-1(b)(4).

It is undisputed that Plaintiffs did not purchase their Vehicle from State Farm, and State Farm never received any payment from Plaintiffs. State Farm has not taken possession of Plaintiffs' Vehicle or the title to the Vehicle since Plaintiffs acquired it. Thus, there is no evidence that State Farm exerted control over the Vehicle when it was owned by Plaintiffs. Accordingly, the court **GRANTS** Defendant's Motion for Summary Judgment on Count II of Plaintiffs' Amended Complaint.

### 2. There Is No Evidence that State Farm Committed Deception

Plaintiffs also contend that they are entitled to damages under the Compensation Act for Defendants' alleged violation of Indiana Code Section 35-43-5-3. That section

provides that it is illegal deception for anyone to "knowingly or intentionally make[] a false or misleading written statement with intent to obtain property, employment, or an educational opportunity."  Ind. Code § 35-43-5-3.  The "deception" of which Plaintiffs complain is of the titling of their Vehicle, which State Farm handled in Wisconsin.  As the alleged deception occurred in Wisconsin and not Indiana, Plaintiffs' claim based upon the violation of an Indiana's deception statute must fail.  Accordingly, the court **GRANTS** Defendant's Motion for Summary Judgment on Count IV of Plaintiffs' Amended Complaint

### 3. The Indiana RICO Act

In Count III, Plaintiffs assert that State Farm has engaged in conduct violating the Indiana RICO Act.

#### a. Plaintiffs Cannot Demonstrate Any Predicate Acts

The Indiana RICO Act is closely patterned after the federal RICO Act and is codified at Indiana Code Section 34-24-2-1 *et seq*.  Under Indiana Code Section 34-24-3-6(b), "[a]n aggrieved person may bring an action against a person who has violated the Indiana RICO Act . . . for damages suffered as a result of corrupt business influence" through a "pattern of racketeering."  A "pattern of racketeering activity" is defined as:

> Engaging in at least two (2) incidents of racketeering activity that have the same or similar intent, result, accomplice, victim, or method of commission, or that are otherwise interrelated by distinguishing characteristics that are not isolated incidents.

Ind. Code § 35-45-6-1.  In turn, "racketeering activity" is defined as violations of

specifically enumerated Indiana penal provisions. *Id*.

Plaintiffs contend that "State Farm repeatedly violated Indiana Code § 35-43-4-2" as the basis for the predicate offenses upon which to establish a violation of the Indiana RICO Act. *See* Amended Complaint at ¶ 53. As set forth above, there is no evidence that State Farm committed a theft of Plaintiffs' property, nor evidence that the alleged theft took place in Indiana.

### b.     Plaintiffs Have Not Been Injured

In Count III, Plaintiffs allege that State Farm violated Indiana Code Section 35-45-6-2(1) of the Indiana RICO Act by knowingly and intentionally receiving proceeds from a pattern of racketeering activity and then investing or using them to operate a RICO enterprise. *See* Amended Complaint at ¶ 56. Plaintiffs further contend that State Farm, in violation of Indiana Code ¶ 35-45-6-2(2), maintained an interest in the enterprise through an alleged pattern of racketeering activity. *See* Amended Complaint at ¶ 57. The only injury Plaintiffs claim is injury flowing from the alleged failure to properly title their Vehicle in Wisconsin.

The majority of federal courts interpreting 18 U.S.C. § 1962(a) and (b), which mirror sections 35-45-6-2(1) and (2) of the Indiana RICO Act, hold that claims under these provisions cannot proceed if the only damages suffered by a plaintiff are those caused by the asserted predicate acts. *See Decatur Ventures, LLC v. Stapleton Ventures, Inc.*, 373 F.Supp.2d 829, 836 (S.D. Ind. 2005) (citing *Vicom, Inc. v. Harbridge Merchant Servises, Inc.*, 20 F.3d 771, 778 n.6 (7th Cir. 1994)); *Lightning Lube, Inc. v. Witco Corp.*,

4 F.3d 1153, 1190 (3rd Cir. 1993); *Dugan v. Bell Telephone of Pennsylvania*, 876 F.Supp. 713, 718-19 (W.D. Pa. 1994) (construing 18 U.S.C. § 1962(b)).  Plaintiffs' claimed damages, such as the purchase of the Vehicle and related incidental costs for financing the Vehicle, relate only to the prior titling of their Vehicle.  Accordingly, the court **GRANTS** Defendant's Motion for Summary Judgment on Count III of Plaintiffs' Amended Complaint.

### 4. Consent Judgment

Count V of Plaintiffs' Amended Complaint alleges that State Farm breached its obligations to Plaintiffs under the 1998 Consent Judgment that State Farm entered into with the State of Indiana by failing to obtain a salvage title for the Vehicle and by failing to offer Plaintiffs the appropriate amount of damages as outlined in Fact # 13 above.  (*See* Amended Complaint at ¶¶ 79-84 and Ex. A attached thereto).

#### a. Plaintiffs Lack Standing to Enforce the Consent Decree

The Consent Judgment at issue resolved an action that the State of Indiana filed against State Farm.  Consent decrees resulting from actions brought by the government, however, may only be enforced by the government unless the decree specifically grants a right of enforcement to additional persons.  *See Hodges v. Public Building Comm'n of Chicago*, 864 F.Supp. 1493, 1508 (N.D. Ill. 1994) ("'Only the Government can seek enforcement of its consent decrees; therefore, even if the Government intended its consent decree to benefit a third party, that party could not enforce it unless the decree so provided'" (quoting *Beckett v. Air Line Pilots Ass'n*, 995 F.2d 280, 288 (D.C. Cir. 1993)).

Here, the Consent Judgment does not authorize private Indiana vehicle owners like Plaintiffs to sue for enforcement. *See* Amended Complaint at Ex. A. Accordingly, Plaintiffs lack standing as a matter of law. *International Business Machines Corp. v. Comdisco, Inc.*, 834 F.Supp. 264, 266-67 (N.D. Ill. 1993) ("'[A] non-party to a consent decree may not enforce the decree by seeking damages for breach of the decree.'") (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975)).

### b. The Consent Decree Does Not Apply

By its terms the Consent Decree does not apply to the facts of this case. The injunctive relief provided for under the Consent Judgment was brought pursuant to Indiana's salvage title law. The plain terms of the Consent Decree conclusively establish that the injunctive relief Plaintiffs seek to enforce is limited to vehicles State Farm handled in Indiana:

> For purposes of this Consent Judgment, the injunctive relief defined below shall apply to all "salvage" motor vehicles. All references to "salvage" vehicles or vehicles in this Consent Judgment shall mean: all motor vehicles, semitrailers or recreational vehicles manufactured within the last five (5) model years, including the current model year, which require a salvage certificate pursuant to Indiana Code § 9-22-3-3.

Similarly, the damage provisions of the Consent Decree which Plaintiffs seek to invoke do not apply to them either. Those provisions applied only to vehicles for which State Farm failed to obtain an Indiana salvage title during a specifically defined period of time – between July 1, 1991 and July 27, 1998, the date of the Consent Judgment. *See* Amended Complaint at Ex. A. State Farm did not acquire ownership of Plaintiffs'

Vehicle until September 1999, and Plaintiffs did not purchase it until September 27, 2000.

### D. Conclusion

The court, having read and reviewed the documents submitted by counsel, the designated evidence, and the applicable law, now finds that State Farm Automobile Insurance Company's Motion for Summary Judgment (Docket # 24) should be **GRANTED**, and State Farm Automobile Insurance Company's Request for Oral Argument (Docket # 26) should be **DENIED**.


**SO ORDERED** this  3rd  day of January 2007.


_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana


Electronic Copies to:

Alan Craig Burnette
burnette@alanburnette.com

Joseph A. Cancila Jr.
SCHIFF HARDIN LLP
jcancila@schiffhardin.com

Dennis F. Cantrell
BINGHAM MCHALE, LLP
dcantrell@binghammchale.com

Heidi Dalenberg
SCHIFF HARDIN LLP
hdalenberg@schiffhardin.com

Ayad Paul Jacob
SCHIFF HARDIN LLP
ajacob@schiffhardin.com

Justin Wyborn Leverton
STEWART & IRWIN
jleverton@silegal.com

Tara J. Stapleton
BINGHAM MCHALE LLP
tstapleton@binghammchale.com

Donn H. Wray
STEWART & IRWIN
dwray@stewart-irwin.com